UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10462-RGS

ILYA LIVIZ, SR., et al.

v.

CHIEF JUSTICE RALPH D. GANTS, et al.,

MEMORANDUM AND ORDER

April 8, 2019

STEARNS, D.J.

For the reasons set forth below, the court grants the motion for leave to proceed *in forma pauperis*, denies the emergency motions and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

On March 13, 2019 Ilya Liviz, an attorney proceeding on behalf of himself and his minor son, commenced this action against each individual justice of the Massachusetts Supreme Judicial Court and a defendant identified in the case caption as John Doe. *See* Compl. (Dkt. No. 1). Although Liviz references 18 U.S.C. §§ 241-242, 245, *id.* ¶ 2, he states that "[t]his is not a criminal complaint, this is an application, verified by oath under pains and penalty of perjury, for appointment of U.S. Prosecutor to follow through with the criminal complaint." *Id.* ¶ 3. Liviz has been a frequent litigant in this

court and was recently suspended from the practice of law in Massachusetts. *See Liviz v. Gants*, No. 19-10644-RGS (dismissed Apr. 8, 2019).

Also pending before the court are Liviz's motions for emergency relief and to proceed *in forma pauperis*. *See* Dkt. Nos. 2-3, 5. Liviz seeks, among other things, a stay of all pending state actions concerning the custody of his son and the issuance of a show cause order why a writ of habeas corpus should not issue. *See* Dkt. Nos. 3, 5.

## IN FORMA PAUPERIS

Upon review of Liviz's motion for leave to proceed *in forma pauperis*, the court concludes that he is without income or assets to pay the $400.00 filing and administrative fees. The motion therefore is granted.

## SCREENING

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis,* however, "the court shall dismiss the case at any time if the court determines," among other things, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to

the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

DISCUSSION

As an initial matter, the federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from granting an injunction to stay proceedings in a state court except in very limited circumstances, none of which apply here. Moreover, as Liviz recognizes, the federal criminal statutes referenced in the complaint do not confer a private right of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions).

Private citizens, such as Liviz, lack "a judicially cognizable interest in the prosecution or nonprosecution of another." *Willoughby v. Town of Tisbury*, 750 F. Supp. 2d 374, 381, n.57 (D. Mass. 2010) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

## ORDER

For the reasons previously stated, it is hereby ORDERED that:

(1) The motion for leave to proceed *in forma pauperis* is GRANTED;

(2) The emergency motions are DENIED;

(3) This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

(4) The Clerk shall enter a separate order of dismissal.

SO ORDERED.

 /s/  Richard G. Stearns
UNITED STATES DISTRICT JUDGE